### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | **Civil Action No: 15-cv-09196** |
| **v.** | **Hon. Amy J. St. Eve** |
| **IGOR B. OYSTACHER and 3 RED TRADING LLC,** | |
| **Defendants.** | |

### <u>REVISED AGREED CONFIDENTIALITY ORDER</u>

The parties to this Revised Agreed Confidentiality Order have agreed to the terms of this Order, which replaces and supersedes the prior January 12, 2016 Agreed Confidentiality Order; accordingly, it is ORDERED:

1.        Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom, and all written reports created by the Independent Compliance Monitor (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  This Order further constitutes a court order within the meaning of the Privacy Act of 1974 , 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11),

and Rule 26(c) of the Federal Rules of Civil Procedure. Any record protected by the Privacy Act that is produced in this Action must be strictly protected in accordance with this Order.

2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information. Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") may also designate as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" any information that it believes in good faith is protected by the Privacy Act of 1974, 5 U.S.C. § 552a or Section 8(a) of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 12(a). All terms of this Protective Order applicable to other types of information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall apply to CFTC-designated Privacy Act and information protected by Section 8(a) of the CEA. All Parties to this litigation and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth herein with respect to documents and information produced or disclosed in discovery and otherwise in this litigation.

3.      Highly Confidential Attorneys' Eyes Only Information. As used in this Order, "Highly Confidential Attorneys' Eyes Only Information means information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE

ORDER" by the producing party that falls within one of the following categories: (a) information

obtained in the course of a confidential Commission investigation that did not involve the

Defendants; and (b) information that would reveal general investigatory processes of the

Commission or other regulators.

    4.      Designation.

    (a)      A party may designate a document as Confidential Information or Highly

Confidential Attorneys' Eyes Only Information for protection under this Order by placing or

affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on

the cover letter specifying the bates ranges to which the designation applies.  The marking

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be noted in the

cover letter prior to or at the time the documents are produced or disclosed.  Designating a

document "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER"

does not mean that the document has any status or protection by statute or otherwise except to

the extent and for the purposes of this Order.  Any copies that are made of any documents

designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER"

shall be so marked, except that indices, electronic databases or lists of documents that do not

contain substantial portions or images of the text of marked documents and do not otherwise

disclose the substance of the Confidential Information or the Highly Confidential Attorneys'

Eyes Only Information are not required to be marked.

(b)     The producing party may withdraw the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" designation at any time while the case is pending, provided that the producing party give notice to the other party(ies) to this litigation at the time of such withdrawal.

(c)     The designation of a document as Confidential Information or Highly Confidential Attorneys' Eyes Only Information is a certification by an attorney or a party appearing pro se that the document contains or may contain Confidential Information or Highly Confidential Attorneys' Eyes Only Information as defined in this order.[1]

(d)     For administrative convenience, a party may designate a document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if it may contain Confidential Information or Highly Confidential Attorneys' Eyes Only Information.  Any party may challenge the designation of a document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" at any time.  Any party that disagrees with the designation of any information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" may notify the designating party of such disagreement.  The parties shall then meet-and-confer.  If the parties cannot reach a resolution regarding the confidentiality of the

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

information, a party may move the Court for an order. The burden of proving that the

Confidential Information or Highly Confidential Attorneys' Eyes Only Information designation

is proper shall be upon the designating party. The designated information shall be treated as

Confidential Information or Highly Confidential Attorneys' Eyes Only Information under this

Order until the Court rules on the party's motion.

A failure of any party to expressly challenge a Confidential Information or Highly

Confidential Attorneys' Eyes Only Information designation shall not constitute a waiver of the

right to assert at any subsequent time that the material designated does not constitute

Confidential Information or Highly Confidential Attorneys' Eyes Only Information or is not an

appropriate designation for any reason.

5.      Depositions.

Deposition testimony taken in this case is protected by this Order only if

designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the

time the testimony is taken, except that investigative testimony previously taken may be

designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if

produced during this litigation. Such designation shall be specific as to the portions that contain

Confidential Information. Deposition testimony so designated shall be treated as Confidential

Information protected by this Order until fourteen days after delivery of the transcript by the

court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a

designating party may serve a Notice of Designation to all parties of record identifying the

specific portions of the transcript that are designated Confidential Information, and thereafter

those portions identified in the Notice of Designation shall be protected under the terms of this

Order.  The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

6.      Reports of the Independent Compliance Monitor

All written reports of the Independent Compliance Monitor shall be labelled and construed as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, but will not be labeled HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER .

7.      Protection of Confidential Material

(a)      General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Highly Confidential Attorneys' Eyes Only Information shall not be used or disclosed by counsel for the parties or any other persons identified in subparagraph (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)      Limited Third-Party Disclosures - Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)      Counsel.  Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     Parties.  Individual parties and employees of a party but only to the extent
        counsel determines in good faith that the employee's assistance is
        reasonably necessary to the conduct of the litigation in which the
        information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for
        depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose
        of making copies of documents or organizing or processing documents,
        including outside vendors hired to process electronically stored
        documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed
        by the parties or counsel for the parties to assist in the preparation and trial
        of this action but only after such persons have completed the certification
        contained in Attachment A, Acknowledgment of Understanding and
        Agreement to Be Bound;

(7)     Witnesses at depositions.  During their depositions, witnesses in this
        action to whom disclosure is reasonably necessary.  Witnesses shall not
        retain a copy of documents containing Confidential Information, except
        witnesses may receive a copy of all exhibits marked at their depositions in
        connection with review of the transcripts.  Pages of transcribed deposition

testimony or exhibits to depositions that are designated as Confidential

Information pursuant to the process set out in this Order must be

separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this Order.

(8)     Author or recipient.  The author or recipient of the document (not

including a person who received the document in the course of litigation);

and

(9)     Others by Consent.  Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may

be agreed or ordered.

(c)     Limited Third-Party Disclosures - Highly Confidential Attorneys' Eyes

Only Information.  Counsel for the parties shall not disclose or permit the disclosure of any

Highly Confidential Attorneys' Eyes Only Information to any third person or entity except as set

forth in subparagraphs (1)-(8).  Subject to these requirements, the following categories of

persons may be allowed to review Highly Confidential Attorneys' Eyes Only Information:

(1)     Counsel.  Counsel for the parties and employees of counsel who have

responsibility for the action;

(2)     The Court and its personnel;

(3)     Court Reporters and Recorders.  Court reporters and recorders engaged for

depositions;

(4)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Highly Confidential Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7)     Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8)     Others by Consent.  Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may

be agreed or ordered.

(d)     Control of Documents.  Counsel of record are responsible for employing

reasonable measures to control access to and distribution of information designated as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Except as provided

herein, counsel for the Parties shall employ reasonable measures to keep all documents

designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER"

secure within their possession.  Each person accessing or receiving information designated as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall employ reasonable

measures to receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of,

and dispose of such Confidential Information: (i) only in compliance with the terms of this

Order; and (ii) in a location and manner sufficient to protect such information from unauthorized

access or disclosure; and (iii) in accordance with industry standard safeguards.  Specifically with

regard to Confidential or Highly Confidential Attorneys' Eyes Only Information produced by the

Commission in this action on electronic storage media, the Receiving Party must maintain,

transmit and store such data using industry standard, off-the-shelf encryption programs and tools.

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent

disclosure of Confidential or Highly Confidential Attorneys' Eyes Only Information.  Counsel

shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(e)     Particularly Sensitive Confidential Information.  Notwithstanding any other terms in this Order, the producing Party may redact or withhold particularly sensitive personally identifiable information, the unauthorized disclosure of which could result in substantial harm to an individual.  Such information may include, but is not limited to, social security numbers and passport numbers.  The producing Party shall provide a log identifying the type of information redacted or withheld and the reason for the redaction or withholding.

(f)     Data Breach.  In the event any information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" is lost, or is accessed by or disclosed to any person not authorized by this Order to receive such information, the Party responsible for such loss, unauthorized access or disclosure shall immediately after discovery of such situation:

(1)     notify the other Parties and, where required by law, appropriate law enforcement entity(ies) of the situation in writing.  To the extent possible, the notification shall identify the Confidential Information or Highly Confidential Attorneys' Eyes Only Information at issue and the circumstances surrounding the incident (including to whom, how, when and where the Confidential Information or Highly Confidential Attorneys' Eyes Only Information was lost, or was accessed or disclosed without authorization); and

11

(2)     take appropriate action to cure and prevent any further risk of loss,
unauthorized access to, or disclosure of the information; and fully
cooperate with the Party whose information was lost, or accessed or
disclosed without authorization and, where required by law, with any law
enforcement authority responsible for investigating and prosecuting any
possible criminal law violation(s) associated with the incident.

The identification under this section of a party to whom disclosure was made shall not
constitute a waiver of attorney work product or attorney-client privileges.  Nothing contained in
this Order shall be deemed or relied upon to limit the rights of the Parties to seek equitable or
other relief from the responsible Party in the event of a loss, or unauthorized access or disclosure
of Confidential Information or Highly Confidential Attorneys' Eyes Only Information, or create
any right or benefit, substantive or procedural, for any person or entity other than the Parties.

(g)     Commission "Routine Uses" and Compliance with Commission
Mandates: Notwithstanding the foregoing, nothing in this Order shall limit:

(1)     The Commission's retention or use of any information designated as
"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for any of
the "Routine Uses of Information" identified in the applicable
Commission Privacy Act System of Records Notices, or as otherwise
authorized, permitted, or required by statutes and regulations governing
Commission practice, policy and procedures, including without limitation
the Federal Records Act and Freedom of Information Act; or

(2)     The authority of the Commission set forth in Sections 8(a)(1)and 12 of the
Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such

investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Attorneys' Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or

13

Highly Confidential Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9.     Filing of Confidential Information or Highly Confidential Attorneys' Eyes Only Information.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.  Specifically, no filing under seal, or any other designation as a restricted document, is to be permitted without previously obtained court approval.  Also, after the case is closed in District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within 63 days after the case is closed.  Any documents that are not so withdrawn will become part of the public case file.

10.     No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11.     Challenges by a Party to Designation as Confidential Information or Highly Confidential Attorneys' Eyes Only Information.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     Meet and Confer.  A party challenging the designation of Confidential Information or Highly Confidential Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality

designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Attorneys' Eyes Only Information under the terms of this Order.

12.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.     Use of Confidential Documents or Information or Highly Confidential Attorneys' Eyes Only Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information or Highly Confidential Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the

15

Confidential Information or Highly Confidential Attorneys' Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. Confidential Information or Highly Confidential Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful

16

directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Attorneys' Eyes Only Information by the other party to this case.

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information or Highly Confidential Attorneys' Eyes Only Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), except for written reports of the Independent Compliance Monitor, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1)

attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Attorneys' Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Attorneys' Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Attorneys' Eyes Only Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

17. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.  The parties agree to be bound by the terms of this Order pending its entry by the Court.

So Ordered.

_____
U.S. District Judge


Date:  December 16, 2016


WE SO MOVE
and agree to abide by the
terms of this Order

_____/s/ Christian T. Kemnitz_____
Signature

_____Christian T. Kemnitz_____
Printed name


One of the attorneys for: Igor B.
Oystacher & 3 Red Trading LLC


Dated:  December 16, 2016

WE SO MOVE
and agree to abide by the
terms of this Order

_____/s/ Allison Passman_____
Signature

_____Allison Passman_____
Printed name


One of the attorneys for:  The U.S.
Commodity Futures Trading
Commission


Dated:  December 16, 2016

ATTACHMENT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**IGOR B. OYSTACHER and 3 RED TRADING LLC,**<br><br>**Defendants.** | **Civil Action No: 15-cv-09196**<br><br>**Hon. Amy J. St. Eve**<br><br>**Mag. Judge Geraldine Soat Brown** |

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as Confidential Information in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature